VARILLAT *v.* NEW ORLEANS AND CARROLLTON RAILROAD COMPANY.

Plaintiff sued for damages for an injury resulting from a collision of defendants' car with another car. *Held:* The Judge correctly charged the jury, that if they believed there was gross neglect or carelessness, or want of skill on the part of the servants of the company, then it was for them to assess the damage, for such an amount as they might deem the circumstance of the case justified.

The discretion left to a jury in assessing damages, is not arbitrary and unlimited, but is to be guided by sound legal principles applicable to the case before them; and it is the duty of the Judge to give them such directions as will draw their thoughts to the proper points of inquiry, and exclude irrevelant considerations. Therefore, the Judge should have charged, as requested by defendant's counsel, that if the jury believed from the evidence there was no wilful fault on the part of the company or its officers, they could not give damages with the view to punish defendant or to make an example, but must only consider and assess the damage sustained by plaintiff. *Spofford*, J., dissenting.

C. C. 1928. C. P. 516.

THIS case was tried by a jury, before the Fourth District Court of New Orleans, *Reynolds*, J.

*Michel*, for plaintiff. *Benjamin & Micou*, for defendant and appellant.

OGDEN, J. The plaintiff brought this suit to recover damages for injuries sustained by her while a passenger on the defendant's cars, resulting from a

collision between the horse and steam cars of the company. She obtained a VARILLAT
verdict and judgment for one thousand dollars, from which the defendants CARROLLTON R.R. *v.*
have appealed.

The Judge of the Court below, at the request of defendant's counsel, charged the jury, that if they believed from the evidence there was no wilful fault on the part of the company or its officers, they could not give vindictive damages. He was then requested to charge the jury "that, under such circumstances, the jury cannot give damages with the view to punish the defendant, or to make an example, but are only to consider and assess the damages sustained by the plaintiff; that charge the Judge refused to give, but charged the jury, that if they believed there was gross neglect or carelessness, or want of skill on the part of the servants of the company, then it was for them to assess the damages for such an amount, as they might deem the circumstances of the case justified. The defendants took a bill of exceptions.

We think the Judge did not err. The Louisiana Code, Art. 1928, provides, that in the assessment of damages in actions of this nature, much discretion must be left to the jury; and Article 516 of the Code of Practice declares, that the Judge in charging the jury, must limit himself to giving the jury a knowledge of the laws applicable to the cause submitted to them, and that he should abstain from saying anything about the facts, or even recapitulating them, so as to exercise any influence on their decision in that respect. However anomolous it may be to forbid the Judge to charge the jury on the facts when he has the power, and it is even his duty to set aside their verdict, if contrary to his opinion, yet such is the law. In the case recently decided of *Black* v. *Carrollton Railroad Company*, we have considered these articles as authorizing a judgment for vindictive damages in actions of this nature, when the circumstances of the case warrant it.

The next question relied on by the appellant is, that the damages assessed by the jury are excessive. This involves two considerations:

1st. The degree of culpability to be attached to the acts of the servants of the company which occasioned the injury.

2d. The nature and extent of the loss and suffering which it inflicted on the plaintiff.

It appears to us, that such an accident could not have happened, without the grossest negligence on the part of the employees of the company, on one or both of the cars which came in collision, and both cars belonging to the defendants. A witness introduced by the defendants, and who was on the same car with the plaintiff at the time of the accident, says: "The horses were driven very fast to pass the switch before the arrival of the steam train, and he supposes that if the horse car had reached the switch a half a minute sooner, they might have escaped." He says, that at the point where the accident happened, there are but two tracks, and the horse car was on the track on which the steam car was running. The witness, considering his dangerous position, jumped off the car before the collision. We consider that the case is presented, without any testimony for the defence to explain or excuse the accident. The evidence shows utter recklessness of human life. When the safety of passengers is made to depend on minutes and half minutes in the accomplishment of speed requisite to prevent collisions, railroad companies ought not to complain when accidents happen, if the damages are assessed against them on the most liberal scale.

As to the nature and extent of the injury inflicted on the plaintiff, the testimony of the physician who attended her shows, that her leg was swollen to twice its natural size; that the contusion was deep and long, and the muscles injured. She was confined to her bed six weeks. He paid her forty-two or forty-three visits; says he charged her only fifty dollars, on account of his intimate acquaintance with Mr. *Varillat*, but would have charged another, for the same services, $300. Although not appreciable in money, the jury had a right to allow damages for the bodily suffering occasioned by the injury which must have been very great. The plaintiff was a music teacher, and was thrown out of employment for some time—the loss sustained in this respect ought not to be measured simply by estimating what she could have made during that time—it was proper to make a liberal allowance for it, because it is not easy to estimate the full extent of the injury a person may sustain under such circumstances, in the loss of patrons, and of favorable opportunities of securing friends and employment, which might not occur again.

In view of all the facts, we are not prepared to say that the amount of damages is excessive.

The judgment of the court below is therefore affimed, with costs.

BUCHANAN, J., and VOORHIES, J., concurring.

SPOFFORD, J., dissenting. I think the District Judge erred in refusing to charge the jury as requested by the defendant's counsel, and in charging them as he did, on the third point.

That in an action for a private injury, damages may be given against a railroad company, with a view to punish the company or make an example, is a position to which I cannot assent.

But it seems to have been sanctioned by the District Judge, in what he charged, and what he refused to charge.

It is true, the Judge cannot recapitulate the facts; this makes it the more necessary that he should lay clearly before the minds of the jury, those rules and principles of law which govern the class of cases in question. To tell a jury, in a case of this kind, that "it is for them to assess damages for such an amount as they may deem the circumstances of the case may justify," is to give them either no guide or a fallacious one.

The discretion left to a jury in assessing damages is not arbitrary and unlimited, but is to be guided by sound legal principles applicable to the case before them; and it is the duty of the Judge to give them such directions as will draw their thoughts to the proper points of inquiry, and exclude irrelevant considerations.

Had the Judge, in this case, instructed the jury, that if they found the plaintiff had been injured, as alleged in her petition, through the negligence and improper management of the agents of the defendants, then it was obligatory on the defendants to repair such injury; that, in assessing damages, they should consider the expenses, loss of time, loss of employment, and bodily suffering of the plaintiff, and having weighed the evidence upon these alleged grievances, should give such damages as, in their judgment, were commensurate with the injury; had such a charge been given, I would not deem it proper for this court to subject the verdict to a close mathematical analysis.

But as I think that an erroneous charge deprives the verdict of its weight, I am of opinion that the judgment should be reversed, and the cause remanded for a new trial.

SLIDELL, C. J.  I concur with Mr. Justice Spofford in the opinion, that the   VARILLAT
District Judge erred in refusing to charge the jury as requested by the defend-   CARROLLTON R.R.
ant, and in charging, as he did, upon the third point.

My views on the subject of damages, in cases of offences and quasi-offences,
were stated in *Black* v. *Carrollton Railroad Company*, to which I refer.

I think the judgment should be reversed, and the cause remanded for a new
trial.